IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS D. BAKER,<br><br>           Plaintiff,<br><br>    v.<br><br>ZURN WATER SOLUTIONS CORPORATION, TODD A. ADAMS, MARK S. BARTLETT, JACQUES DONAVON BUTLER, THOMAS D. CHRISTOPOUL, DAVID C. LONGREN, GEORGE C. MOORE, ROSEMARY M. SCHOOLER, JOHN S. STROUP, and PEGGY N. TROY,<br><br>           Defendants. | Case No. _____<br><br><u>JURY TRIAL DEMANDED</u><br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1.　On February 12, 2022, Zurn Water Solutions Corporation ("Zurn" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Elkay Manufacturing Company ("Elkay"), Elkay Interior Systems International, Inc. ("Shareholder Representative"), and Zebra Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2.　Under the terms of the Merger Agreement, following the Proposed Transaction, Zurn's stockholders will own approximately 71% of Zurn Elkay Water Solutions Corporation (the "Combined Company").

3.　On April 26, 2022, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Zurn common stock.

9. Defendant Zurn is a Delaware corporation. Zurn's common stock is traded on the New York Stock Exchange under the ticker symbol "ZWS."

10. Defendant Todd A. Adams is President, Chief Executive Officer, and Chairperson of the Board of Directors of Zurn (the "Board").

11. Defendant Mark S. Bartlett is a member of the Board.

12. Defendant Jacques Donovan Butler is a member of the Board.

13. Defendant Thomas D. Christopoul is a member of the Board.

14. Defendant David C. Longren is a member of the Board.

15. Defendant George C. Moore is a member of the Board.

16. Defendant Rosemary M. Schooler is a member of the Board.

17. Defendant John S. Stroup is a member of the Board.

18. Defendant Peggy N. Troy is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

20. Zurn is a pure-play water business that designs, procures, manufactures, and markets a broad sustainable product portfolio of solutions to improve health, human safety, and the environment.

21. On February 12, 2022, Zurn's Board caused the Company to enter into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Zurn Water Solutions Corporation (NYSE: ZWS), a market leader in smart, sustainable water solutions and products, and Elkay Manufacturing Company, a market leader in the highly attractive and growing commercial drinking water solutions business, announced today they have reached a definitive agreement to combine the businesses in an all-stock transaction. Upon completion of the transaction, Zurn Water Solutions shareholders will own approximately 71% and Elkay shareholders will own approximately 29% of the combined and newly named company – Zurn Elkay Water Solutions Corporation.

"This transaction is a true game-changer as we create an even stronger pure play water company by combining with the iconic brand, Elkay," said Todd A. Adams, Chairman and CEO of Zurn Water Solutions. "The combination puts us well on our way to doubling the size of the business over the next couple of years while enhancing our competitive advantage within specified water solutions. We also add

the high-growth, and increasingly essential, drinking water sector in our portfolio and have a clear path to capitalize on the significant synergies the combination will generate.

"Elkay is viewed as the 'gold standard' in providing clean drinking water within institutional and commercial buildings. What makes the combination so compelling is the alignment of our shared values and cultures, commitment to serving our customers and what we can accomplish together by providing an even more comprehensive package of innovative, specified water solutions that provide water safety, water quality and water conservation to critical verticals like education and healthcare.

"I want to thank Ron Katz, Senior Member of the founding family, and Tim Jahnke, Chairman of Elkay, for believing in the power of the combination and the entire Elkay family for their confidence and commitment to work together to create something special. It's our intent to preserve the strong culture and values at Elkay and we are excited to build upon the incredible legacies of both businesses as we come together to create an even brighter future as Zurn Elkay Water Solutions."

Elkay has been family-owned since it was founded in 1920 and has been making innovative products and delivering exceptional customer service for over 100 years. Headquartered in Illinois, Elkay has similar midwestern core values as Zurn. While the business started in sinks, their continued innovation and growth has led them to currently being a market leader in drinking water as well as sinks in residential and commercial settings.

"We knew we could increase our long-term competitive position by combining with another complementary brand," stated Ron Katz, Senior Member of the founding family. "We were pleased to find a well-respected partner in Zurn Water Solutions, with their strong, people-centric midwestern values and deep commitment to quality, ethics, and customer satisfaction that mirrors our own."

"This combination clearly creates a unique and dynamic set of competitive advantages for our customers to capitalize on the unrivaled product solution breadth and depth we'll bring to the marketplace," said Adams. "Together, Zurn and Elkay will also provide our customers the capability to advance their ESG initiatives while reducing their overall initial and operating costs while providing a safe, clean environment for students, patients, patrons, and people within the public and private spaces they operate. Finally, we believe this combination creates an attractive platform to provide superior shareholder value as the combination allows for increased growth, margin expansion, higher free cash flow and improved leverage all while providing ample room for continued investments in growth."

**Key Strategic and Financial Benefits**

Creates a North American water solutions leader.

Brings together two businesses with leading brand recognition and loyal customer relationships.

Establishes an immediate leadership position in the rapidly growing and highly attractive commercial drinking water solutions category.

We will leverage the Zurn Business System (ZBS) to drive continuous improvement throughout the combined business to drive elite financial performance.

Creates opportunity for an estimated $50 million of cost synergies by 2025, with approximately $25 million realized in year one. Expected synergies to be driven by procurement, business efficiencies, cross-marketing and our combined best-in-class rep network.

Transaction reduces net debt leverage to ~1.0x by end of 2022 and coupled with a larger balance sheet provides continued growth capital while increasing capital return to shareholders as the Zurn Water Solutions Board of Directors plans to increase the quarterly cash dividend to $0.07 per share after close of the transaction.

Unites deeply aligned core values and cultures where people matter most and share a combined 224-year company history.

Shared cultures focused on serving customers, Diversity, Equity & Inclusion, commitment to water and environmental stewardship, and commitments to the communities where employees live and work.

### Governance and Locations

Upon closing, the combined company will continue to be led by the existing Zurn Water Solutions Board of Directors with the addition of two new directors who currently serve on the Elkay Board of Directors. Todd Adams will remain Chairman and Chief Executive Officer, Craig Wehr will remain President of Zurn Water Solutions, and Ted Hamilton will remain President of Elkay Plumbing.

The combined company will continue to trade under the ticker NYSE: ZWS. It will be headquartered in Milwaukee, Wisconsin and will continue to maintain a presence in the Chicago area where Elkay is headquartered.

### Transaction Structure and Closing Conditions

Under the terms of the transaction agreements Elkay shareholders will receive up to 52.5M shares of Zurn Water Solutions, which results in, Elkay shareholders owning approximately 29% in the combined company.

Based on the February 11, 2022 closing price of Zurn's common stock, the transaction values Elkay at $1.56 billion, representing 14.2x its forecasted 2022 Adjusted EBITDA, or 9.8x after factoring in forecasted run-rate cost synergies. The transaction is subject to regulatory approvals, Zurn Water Solutions and Elkay shareholder approval, and customary closing conditions, and is expected to close in the third quarter of 2022. Elkay shareholders holding approximately 73% of Elkay's common stock have entered into support agreements committing them to vote all of their respective shares in favor of the transaction, and against any competing acquisition proposal. . . .

**Advisors**

Evercore is serving as financial advisor to Zurn Water Solutions, and Morgan, Lewis & Bockius LLP is serving as legal counsel. Citi and J.P. Morgan Securities LLC are serving as financial advisors to Elkay, and Mayer Brown is serving as legal counsel.

23. On April 26, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24. The Registration Statement fails to disclose material information regarding Zurn's and Eklay's financial projections, specifically: (i) the line items underlying the financial projections; and (ii) net income.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26. The Registration Statement fails to disclose material information regarding the analyses performed by the Company's financial advisor, Evercore. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses

must also be fairly disclosed.

27. Regarding Evercore's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the closing dates for the transactions utilized by Evercore; and (ii) the total values of the transactions utilized by Evercore.

28. Regarding Evercore's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values utilized by Evercore; (ii) the inputs and assumptions underlying the discount rates, perpetuity growth rates, and multiples utilized by Evercore; (iii) Zurn's net debt and underfunded pension obligation as utilized by Evercore.

29. Regarding Evercore's Equity Research Analyst Price Targets analysis, the Registration Statement fails to disclose: (i) the price targets utilized by Evercore; and (ii) the sources of the price targets utilized by Evercore.

Banker Engagement

30. The Registration Statement fails to disclose the timing and details of the prior services Evercore provided to the Company.

31. The Registration Statement fails to disclose the circumstances under which Evercore may receive an additional discretionary fee in an amount not to exceed $0.5 million, and whether defendants intend to pay Evercore such fee.

COUNT I

**Claim Against the Individual Defendants and Zurn for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and

Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Zurn is liable as the issuer of these statements.

35. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

36. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Zurn within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Zurn and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by

their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 27, 2022                **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

11